**UNITED STATES DISTRICT COURT**
Western District of Washington

| | |
|---|---|
| Hamal Strand,<br>Plaintiff<br><br>vs.<br><br>Amorea Rocha,<br>Matthew White,<br>Jud Parker,<br>Geryl Gilbert,<br>Marilyn Paja,<br>Bernard Brown,<br>Timothy Drury,<br>John Doe #1,<br>John Doe #2,<br>John Doe #3,<br>John Doe #4<br><br>Defendants | Case No. **3:20-cv-05706-MJP**<br><br>**COMPLAINT FOR A CIVIL CASE AND VIOLATIONS OF CIVIL RIGHTS**<br><br>**Jury trial requested** |

# COMPLAINT FOR A CIVIL CASE AND VIOLATIONS OF CIVIL RIGHTS

Case 3:20-cv-05706-MJP Document 1-1 Filed 07/15/20 Page 2 of 15

# I. THE PARTIES

## A. THE PLAINTIFF

Hamal Jacob Strand is a natural person, a veteran of the U.S. Army and citizen of the United States of America.

Who resides at:

470 West 2nd St. #108

Sumas Washington 98295

360-499-9278

hamaljay@gmail.com

## B. THE DEFENDANTS

1. Amorea Singleton Rocha FKA Dominique C. Singleton is a natural person who resides at:

   3661 Briarwood Drive Southeast

   Port Orchard Washington 98366

   amorearocha@gmail.com

2. Matthew Luke White is a natural person who resides at:

3661 Briarwood Drive Southeast

Port Orchard Washington 98366

3. Jud Michael Parker is a natural person who has agreed to accept service of legal documents at:

3840 Bridgeport way W Suite A#571

University place Washington 98466

auditoris@yahoo.com

AND DOES BUSINESS AT:

3661 Briarwood Drive Southeast

Port Orchard Washington 98366

4. Geryl Dale Gilbert was an assistant Texas Attorney General, a child support specialist V, the Plaintiff's father-in-law, a commissioned officer in the United States air Force, and is a natural person who resides at:

5763 Three Waters Ln

Graham NC 27253

5. Marilyn G. Paja in her personal and professional capacity as a judge for a court of limited jurisdiction.

Kitsap county District Court

614 Division St #106

Port Orchard, WA 98366

6. Bernard Brown badge number 117 in his personal and professional capacity as a Kitsap County Sheriff's deputy at:

   614 Division St,

   Port Orchard, WA 98366

7. Timothy A. Drury in his personal and professional capacity as a judge for a court of limited jurisdiction.

   Kitsap county District Court

   614 Division St #106

   Port Orchard, WA 98366

8. John Doe #1

   Discovery needed.

9. John Doe #2

   Discovery needed.

10. John Doe #3

    Discovery needed.

11. John Doe #4

    Discovery needed.

Case 3:20-cv-05706-MJP Document 1-1 Filed 07/15/20 Page 5 of 15

## II. JURISDICTION

## A. 42 U.S. Code § 1985.Conspiracy to interfere with civil rights U.S. Code (3)

Depriving persons of rights or privileges

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or

property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

The United States Supreme Court holding in Griffin v. Breckenridge says that no showing of state action is required in order to sue under section 1985(3).

**B. 42 U.S.C. § 1983, a person may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws].**

The following are the constitutional amendments of the Plaintiff that were infringed by Defendants #4, #5, #6, and #7;

- Infringement of 1st Amendment of the Constitution.
- Infringement of 2nd amendment of the Constitution.
- Infringement of the 5th Amendment of the Constitution.
- Infringement of the 14th Amendment of the Constitution.

See statement of claim for details.

**C. Immunities**

The question of immunities (absolute and qualified) are not an issue, argues the Plaintiff, because none of the parties with immunities acted within jurisdiction or under statutory authority. The Plaintiff expects due process before his right to seek Judicial relief for grievances under 42 U.S. Code § 1985(3) and 42 U.S. Code § 1983 is denied. The Plaintiff demands an opportunity to be heard on this issue before a decision is made regarding immunity.

## III. STATEMENT OF CLAIM

The following is a statement of each individual count. The court should be aware that the true scope of this case cannot be known until discovery is realized.

The defendants did so conspire to interfere with the Plaintiff's civil rights and privileges. and did so cause irreparable damages to the Plaintiff.

**Counts**

1. Defendant #1 conspired with Defendant #4 to interfere with due process. Defendant #4, using his position as Assistant Attorney General of Texas, interfered with the Attorney General of Texas and it's attempt to find Plaintiff for child support and legal obligations for his son Rage Strand. From 2001-2005 in Texas.To this day the Plaintiff does not know what happened to his son. Discovery needed.

2. Defendant #1 conspired with Defendant #4 from about October 2018 till about July of 2020 Defendant # 4 giving legal advice to Defendant #1 on how to interfere with the Plaintiff's rights by manipulating the law to interfere with protected speech and the right to petition the government. Discovery needed.

3. On October 26th 2018 Defendant #1 and #2 conspired with Defendant #5 to interfere with the due process rights of the Plaintiff and by restricting contact between the Plaintiff in San Juan county Washington and his son in Texas this happened in the Kitsap County District Court Port Orchard Washington. Discovery needed.

4. On or before November 2nd 2018 Defendant #1 conspired with Defendant #4 to have the office of the Texas Attorney General destroy records regarding the Plaintiff his son and Defendant #1. Interfering with the Plaintiffs rights to due process. Discovery needed.

5. From September 27th till October 10th 2019 Defendant #1 and #2 conspired with Defendant #5 to interfere with the Plaintiff's rights to petition the government and equal protection by dismissing a lawsuit involving the Plaintiff and Defendant #1and #2 before discovery. This took place in Kitsap County Washington. Discovery needed.

6. Sometime around the beginning of February 2020 Defendant #1 and #2 conspired with Defendant #3 to interfere with the Plaintiffs rights to petition the government for grievances by creating a bad faith affidavit to be used in court against the Plaintiff. Discovery needed.

7. On February 3rd 2020, Defendant #1 and #2 conspired with Defendant #5 to interfere with the Plaintiff's constitutionally protected 2nd Amendment right. Defendant #5 ordered "surrender weapons" without statutory authority, and without cause. Defendant #1 presented a blank petition for protection to Defendant #5 and without jurisdiction Defendant #5 interfered with due process, the rights to petition government, equal protection and the rights to bear arms. Forcing the Plaintiff to defend himself in court against unsubstantiated claims and judicial misconduct. Discovery needed.

8. On February 27th at 2020, Defendant #1 conspired with Defendant #7 to interfere with the Plaintiffs right to petition the government for grievances due process and equal protection. Defendant #7 without statutory authority

ordered prior restraint on an action causing a chilling effect on all litigation between the Plaintiff and Defendant #1 and #2. Defendant #7 ordered all litigation communication between the Plaintiff and Defendant #1 to be by registered mail only, during a pandemic.

9. On February 27th 2020, Defendant #1 and Defendant #2 conspired together openly in court, threating and intimidating the Plaintiff in court trying to get the Plaintiff to stop litigation. The following is the conversation,

" [Defendant #7] is basically not threatening. He's, he is indicating that he doesn't want contact"

[Defendant #1] agrees.

[Defendant #7] continues,

"And that he would that he would protect himself and you if he did have any further contact and that's"

[Defendant #1] says,

"Right"

Then [Defendant #7] continues,

"Mr. Strand may have thought that that was threatening, but I think that was also Mr. White indicating, back off, leave us alone, or there may be consequences"

[Defendant #1] replies,

"Right"

[Defendant #7] continues on line 25 and moves to page 26,

"And that or, is a big OR".

[Defendant #1] replies,

"It is."

[Defendant #7] continues,

"It's not a threat to say, 'and I'm going to come after you and beat you' it's---it's don't come after us or there may be consequences."

[Defendant #1] replies,

"Correct"

[Defendant #7] continues,

"so I'm-- I'm not-- I'm not at issue with that, and--"

[Defendant #1] interjects,

"Right !"

[Defendant #7] concludes,

Case 3:20-cv-05706-MJP Document 1-1 Filed 07/15/20 Page 12 of 15

"-- I -- that's again not before THIS court at THIS time"

10. On March 2nd 2020, Defendant #3 conspired with Defendant #1 and #2 attempting to interfere with civil rights and privileges of the Plaintiff, Defendant #1 gave legal advice to Defendant #3 telling the defendant how he might be able to stop litigation against him by the Plaintiff by going to Kitsap County District Court and petitioning the court for an order of protection because the Kitsap County District Court has a history of stepping outside of its jurisdiction to help Defendant #1.

11. On March 25th 2020 Defendant #2 conspired with Defendant #6 to interfere with the Plaintiff's ability to contact defendants and witnesses during litigation. Defendant #6 contacted the Plaintiff and threatened arrest for contacting Defendant #2 in regards to setting up a meet and confer for discovery. The Plaintiff put Defendant #6 on notice and the Defendant dismissed the Plaintiffs explanation of lawful conduct. Interfering with the Plaintiff's due process rights, and acting under the color of law Defendant #6 told the Plaintiff that he could not contact Defendant #2.

12. On March 30th 2020, Defendant #1 and #2 conspired with Defendant #6 to interfere with freedom of speech, the right to petition the government and due process. Defendant #6 contacted the Plaintiff because the Plaintiff had contacted a witness in Texas. Defendant #6 told the Plaintiff that he would

drive up to Sumas Washington from Kitsap County and arrest the Plaintiff if he talked to anybody who might be connected with Defendant #1 or Defendant #2. In the process Defendant #6 signed an affidavit under penalty of perjury stating the Plaintiff violated a domestic violence protection order that did not exist, and submitted it to the prosecution in an attempt to seek an arrest warrant.

## IV. INJURIES

- The irreparable loss of constitutional rights and freedoms

  "The loss of freedoms for even a minimal period of time unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347 (1976)
- Uncountable financial loss having to defend rights in court and appeal decisions.
- Extreme emotional distress.
- The loss of children with no due process or closure.

## V. RELIEF

1. The Plaintiff is seeking unspecified nominal monetary damages.
2. The Plaintiff is seeking declarative relief, regarding the Plaintiff's rights that have been violated.
3. The Plaintiff is seeking injunctive relief in the form of;
   i. Protection orders protecting the Plaintiff from all the Defendants.
   ii. An injunction ordering Defendant #5 to never order another injunction (because declarative relief was violated),
   iii. An injunction against Defendant #6 ordering the Defendant to not sign affidavits in an official capacity.
   iv. An injunction ordering Defendant # 7 and #5 to use certified mail only for all litigation, in a personal capacity and professional capacity at their own cost.
4. The Plaintiff is seeking for the court to find the actions of the state actors to be unconstitutional.
5. Whatever the court finds to be just, as long as it agrees with the truth and Justice.

Case 3:20-cv-05706-MJP Document 1-1 Filed 07/19/20 Page 15 of 15

## VI. CERTIFICATION

Under Federal rule of civil procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not presented for an improper purpose such as to her ass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or a non-frivolous argument for extending, modifying, or reversing existing law; (3) if actual contents have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation discovery; and (4) we complained otherwise complies with the requirements of rule 11.

I agree to provide the clerk's office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the clerk's office may result in the dismissal of my case.

______________________ July 16th 2020 Sumas Washington

Hamal Strand

470 W. 2nd St. #108

Sumas Washington 98295

hamaljay@gmail.com

360-499-9278

That is all.