
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAMAL JACOB STRAND,<br><br>  Plaintiff,<br><br>  v.<br><br>AMOREA ROCHA, et al.,<br><br>  Defendants. | CASE NO. C20-5706 MJP<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL |

The above-entitled Court, having reviewed Plaintiff's complaint and the grounds stated for his various claims of injury, enters the following order:

IT IS ORDERED that Plaintiff shall show cause, by no later than **September 25, 2020**, why this matter should not be dismissed with prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that all initial discovery under FRCP 26 is STAYED pending resolution of this order to show cause; the parties need not meet and confer until this order to show cause is resolved.

**Discussion**

Federal district courts are courts of limited jurisdiction, and this Court only has jurisdiction over cases which rightfully arise under federal law. If there is no subject matter jurisdiction, the Court will not even consider the merits of a case. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998).

A review of Plaintiff's complaint reveals a number of jurisdictional defects. In the first place, Plaintiff appears to bring his lawsuit under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983. Both of these statutes require *state* involvement. Regarding § 1985, the U.S. Supreme Court has held that "a conspiracy to violate [constitutional] rights is not made without proof of state involvement." United Bhd. Of Carpenters & Joiners v. Scott, 463 U.S. 825, 832 (1983)(*citing* Murphy v. Mount Carmel High School, 543 F.2d 1189, 1193 (7th Cir. 1976)).[1] 42 U.S.C. 1983 only applies to persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."

Two of the named Defendants (Rocha and White) – in fact, the only persons who have appeared in this matter since it was filed nearly two months ago – are private individuals. Private individuals are exempt from liability under these statutes.

The remainder of the Defendants are state actors of some form or other, but all are protected by either absolute or qualified immunity. Three of the Defendants (Parker, Paja, and Drury) are state court judges; one is employed by the Attorney General of Texas. State court judges and prosecutors performing their official duties are entitled to absolute immunity from civil liability.

---

[1] 42 U.S.C. §1985 exists to enforce equal protection of the laws under the Fourteenth Amendment. "The Fourteenth Amendment protects the individual against *state action*, not against wrongs done by *individuals.*" United States *v.* Price, 383 U.S. 787, 799 (1966)(emphasis in original).

> The Supreme Court has held that individuals performing certain governmental functions have absolute immunity from liability under § 1983. Nixon v. Fitzgerald, 457 U.S. 731, 751-752, 73 L. Ed. 2d 349, 102 S. Ct. 2690 (1982). Whether absolute immunity is available to an official does not depend on the official's job title or agency; the focus is on the function that the official was performing when taking the actions that provoked the lawsuit. Bothke v. Fluor Engineers and Constructors, Inc., 713 F.2d 1405, 1412 (9th Cir. 1983); Cinevision Corp. v. City of Burbank, 745 F.2d 560, 579 (9th Cir. 1984). The Supreme Court has recognized absolute immunity for those performing judicial, legislative, and prosecutorial functions. Nixon, 457 U.S. at 745. Absolute immunity is accorded to these functions so that the decision-making process is not hampered by a fear of lawsuits. *Id.*

Samuel v. Michaud, 980 F.Supp. 1381, 1400 (D. Idaho 1996).

The remaining Defendant (Brown) is a law enforcement officer. Police officers performing their official duties are entitled to invoke qualified immunity, which protects law enforcement personnel from liability in the performance of their discretionary functions unless the complaining party can demonstrate that a "clearly established" constitutional right has been violated (Saucier v. Katz, 533 U.S. 194, 201 (2001)), a test which has evolved to a requirement of proving that "every 'reasonable official would [have understood] that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 740 (2011); *see also* Mattos v. Aragano, 661 F.3d 433, 442 (9th Cir. 2011).

Thus it can be seen that every defendant named by Plaintiff in his complaint is either exempt from liability or entitled to immunity from this kind of lawsuit. In the absence of any properly joined defendants, the Court cannot permit this litigation to proceed.

Plaintiff will be given an opportunity to show cause why this matter should not be dismissed. His briefing cannot exceed twelve (12) pages, double-spaced, in length and must be filed no later than **September 25, 2020**. Defendants need not respond to the briefing unless ordered to do so by the Court.

1    Furthermore, until this show cause order is resolved and the matter is either dismissed or
2 permitted to go forward, all discovery and other obligations under FRCP 26 are stayed; in
3 particular, there is no need for the parties to meet and confer until the stay is lifted.

5    The clerk is ordered to provide copies of this order to all counsel.

6    Dated September 15, 2020.

Marsha J. Pechman
United States Senior District Judge

ORDER TO SHOW CAUSE RE: DISMISSAL - 4