UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAMAL JACOB STRAND, | CASE NO. C20-5706 MJP |
| Plaintiff, | ORDER OF DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| AMOREA ROCHA, et al., | |
| Defendants. | |

On July 30, 2020, Plaintiff, appearing *pro se*, filed a complaint against a series of defendants, alleging violations of his constitutional rights under 42 U.S.C. § 1985(3) and § 1983. Named as defendants were:

- Amorea Rocha
- Matthew White
- Jud [*sic*] Parker
- Geryl Gilbert
- Judge Marilyn Paja

ORDER OF DISMISSAL OF CERTAIN DEFENDANTS - 1

- Deputy Sheriff Bernard Brown
- Judge Timothy Drury
- John Does 1 – 4

Dkt. No. 4, Complaint at 2-4.

The first three Defendants are "civilians," private individuals being sued in their personal capacities. Gilbert is described in the complaint as "an assistant Texas Attorney General, a child support specialist," Brown as "a Kitsap County Sheriff's deputy," and the other two named defendants as "judge[s] for a court of limited jurisdiction." Id.

On September 15, 2020, this Court issued an Order to Show Cause to Plaintiff, requiring him to respond to the Court's concerns regarding subject matter jurisdiction over the defendants. Dkt. No. 24, Order to Show Cause. Plaintiff has responded as directed (*see* Dkt. No. 25) and the Court, having considered Plaintiff's pleadings and relevant portions of the record, rules as follows:

IT IS ORDERED that Defendants Rocha, White, Parker, Paja and Drury are DISMISSED from this lawsuit with prejudice.

IT IS FURTHER ORDERED that Plaintiff's lawsuit, assuming that he can obtain service on the remaining Defendants, may proceed against them.

**Discussion**

The Court's concerns, as outlined in the previous OSC, were two-fold. First, Defendants Rocha, White, and Parker are not alleged to be employed by any governmental entity nor alleged to have been acting in any official capacity related to state activity; their involvement appears to have been as parties to litigation involving Plaintiff. The statutes under which Plaintiff is suing require state involvement. Regarding § 1985, the U.S. Supreme Court has held that "a

conspiracy to violate [constitutional] rights is not made without proof of state involvement." United Bhd. Of Carpenters & Joiners v. Scott, 463 U.S. 825, 832 (1983)(*citing* Murphy v. Mount Carmel High School, 543 F.2d 1189, 1193 (7th Cir. 1976)).[1]  42 U.S.C. 1983 only applies to persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."

Plaintiff argues that it is possible for private individuals to incur liability under these statutes, and he is correct <u>if</u> the conduct of the private individuals occurred "under color of state law, … clothed with the authority of the state and purporting to act thereunder." Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962).  Plaintiff cites the Marshall case and argues that, by virtue of their involvement in the state court system, they were "clothed in the authority of the state." Dkt. No. 25, Response at 8.

Plaintiff misunderstands the concept of operating "under color of state law."  By way of illustration, the private individuals who were found subject to § 1983 liability in Marshall were the Governor of Nevada, members of the Nevada Gaming Control Board and Gaming Commission, and employees of the Desert Inn hotel and casino acting under orders from the Gaming Control Board and Gaming Commission.  As the Supreme Court has stated:

> Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions. *Adickes* v. *S. H. Kress & Co.*, 398 U.S. 144, 152 (1970); *United States* v. *Price*, 383 U.S. 787, 794 (1966). **Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.** But here the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge.

---

[1] 42 U.S.C. §1985 exists to enforce equal protection of the laws under the Fourteenth Amendment. "The Fourteenth Amendment protects the individual against *state action*, not by *individuals*." United States *v.* Price, 383 U.S. 787, 799 (1966)(emphasis in original).

Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)(emphasis supplied).  The private individuals sued by Plaintiff here fall squarely into the category of persons "resorting to the courts and being on the winning side of a lawsuit."  They may not be subject to liability under federal statutes intended to restrain state action in violation of constitutional rights.   It is noteworthy that Plaintiff did not cite a single case where § 1983 liability attached to a private individual who was merely a party to a lawsuit (and not involved in "extra-judicial" improprieties such as bribery, witness tampering, etc. in collusion with a judge).

The Court's second concern with Plaintiff's pleadings revolved around the immunity accorded judicial, prosecutorial, and law enforcement officers in the performance of their duties. All the remaining defendants fall into the above categories.  Turning first to the two state court judges and concept of judicial immunity:

> Based on the doctrine expressed in *Bradley* v. *Fisher*, 13 Wall. 335 (1872), this Court has consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Pierson* v. *Ray*, 386 U.S. 547 (1967); *Stump* v. *Sparkman*, 435 U.S. 349 (1978)." *Supreme Court of Virginia* v. *Consumers Union*, 446 U.S. 719, 734-735 (1980).

Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L.Ed.2d 185, 189 (1980).

Plaintiff claims that the judges he has sued made rulings "outside of their statutory authority" and on that basis are not entitled to absolute judicial immunity.  Plaintiff again misunderstands the concepts he is attempting to apply.  He has every right to disagree with the rulings made by the state court judges he has named, and he has every right to appeal those rulings to higher state courts and correct any errors in legal reasoning he perceives.  He may even, if he feels the conduct is sufficiently egregious, report the judges in question to a state Judicial Conduct Commission and attempt to have them censured or removed from office.  What

he may not do is sue them civilly simply because he does not like the results of their rulings. The bar to that course is absolute and Plaintiff has articulated no argument which will permit him to circumvent that absolute judicial immunity.

The remaining defendants are employed by a prosecutor's office and a law enforcement agency. It is unclear exactly what Defendant Gilbert's role in the Texas Attorney General's Office is; further, prosecutors are not always entitled to the same absolute immunity as judges:

> The Court therefore held that prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case," [*citation omitted*], insofar as that conduct is "intimately associated with the judicial phase of the criminal process," [*citation omitted*].... The Court expressly declined to decide whether absolute immunity extends to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of an advocate." [*citation omitted*].

Burns v. Reed, 500 U.S. 478, 486 (1991). Because of the necessity of further developing the factual record before ascertaining what level (if any) of immunity Defendant Gilbert might be entitled to, it would be premature to dismiss him from the lawsuit.

Similar considerations prevent the dismissal of Defendant Brown. Law enforcement officers subject to civil suits may be entitled to qualified immunity, a protection which can only be applied after a thorough review of the factual circumstances and the applicable law. There is simply not enough information available at this preliminary stage of the case to make that determination. If Plaintiff succeeds in serving Defendant Brown, he will undoubtedly appear via legal representation and the record can be fully developed as regards the qualified immunity issue. That determination awaits another day.

Because no factual circumstances have been alleged which admit of possible liability for Defendants Rocha, White, Parker, Paja, or Drury, their dismissal from this lawsuit will be with

1  prejudice.  If Plaintiff properly serves the remaining Defendants, his litigation may proceed
2  forward against them alone.

4       The clerk is ordered to provide copies of this order to Plaintiff, Defendants Rocha and
5  White, and to all counsel.
6       Dated September 23, 2020.

         *[signature]*

         Marsha J. Pechman
         United States Senior District Judge

ORDER OF DISMISSAL OF CERTAIN DEFENDANTS - 6