UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAMAL JACOB STRAND,<br><br>Plaintiff,<br><br>v.<br><br>AMOREA ROCHA, MATTHEW WHITE, JUD PARKER, GERYL GILBERT, MARILYN PAJA, BERNARD BROWN, TIMOTHY DRURY, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4,<br><br>Defendants. | CASE NO. C20-5706 MJP<br><br>ORDER DENYING MOTION TO STAY |

This matter comes before the Court on Plaintiff's Motion to Stay. (Dkt. No. 29.) Plaintiff asks the Court to stay this matter pending his appeal of the Court's Order Dismissing Defendants Rocha, White, Parker, Paja and Drury. (Dkt. No. 27.) The Court DENIES the motion.

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." CMAX, Inc. v. Hall,

ORDER DENYING MOTION TO STAY - 1

300 F.2d 265, 268 (9th Cir. 1962). This includes: the "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id.

Balancing these factors does not convince the Court that a stay is proper.

First, Plaintiff argues that a stay would promote judicial economy because "a vast majority of" of the defendants would not "have an opportunity to present their case and/or objections." (Dkt. No. 29 at 2.) This is not the case. The claims against Rocha, White, Parker, Paja and Drury have been dismissed. Should Defendant succeed in his appeal, then these individuals would have an opportunity to present their opposition to Plaintiff's suit without prejudice.

Second, Plaintiff also argues that he faces an undue burden absent a stay. (Dkt. No. 29 at 2.) The Court does not agree. Plaintiff chose to file this lawsuit and to appeal the Court's order of dismissal. He must shoulder the resulting responsibilities from those voluntary actions which the Court does not find to constitute an "undue burden."

Third, Plaintiff argues that the remaining defendants' rights would not be affected through a stay. While a stay could preserve the rights of the remaining defendants, it would impede their ability to timely challenge the claims against them. The Court does not agree that the stay would not confer some harm to the remaining defendants. On balance, the Court does not find that a stay is merited and DENIES the motion. See CMAX, 300 F.2d at 268.

The clerk is ordered to provide copies of this order to all parties and counsel.

Dated November 16, 2020.

Marsha J. Pechman
United States District Judge

ORDER DENYING MOTION TO STAY - 2